**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 21-4248

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

  v.

MARCUS PARKS, JR.,

       Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:19-cr-00226-NCT-1)

Submitted:  December 20, 2021                      Decided:  January 14, 2022

Before KING and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael E. Archenbronn, Winston-Salem, North Carolina, for Appellant.  Tanner Lawrence Kroeger, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Parks, Jr., appeals from the revocation of his supervised release and the imposition of an 18-month sentence, to be followed by 18 months of supervised release. His counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal but questioning whether the district court adequately considered Parks's mitigating arguments prior to imposing sentence. The Government declined to file a response brief. Parks was notified of his right to file a pro se supplemental brief but has not done so. After a careful review of the record, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). In determining whether a revocation sentence is plainly unreasonable, "we first must determine whether the sentence is procedurally or substantively unreasonable." *Id.* In doing so, we are guided by the same procedural and substantive considerations that guide our review of original sentences, but we take a more deferential appellate posture. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 1252 (2021); *see* 18 U.S.C. § 3583(e) (listing sentencing factors

2

applicable to revocation proceedings). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted).

"A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted). An explanation is adequate if it permits this court to determine "that the sentencing court considered the applicable sentencing factors with regard to the particular defendant before it and also considered any potentially meritorious arguments raised by the parties with regard to sentencing." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (alterations and internal quotation marks omitted).

In *Slappy*, we held that a district court imposing a revocation sentence "must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that this [c]ourt can meaningfully consider the procedural reasonableness of the revocation sentence imposed." 872 F.3d at 208; *see United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019) (requiring original sentencing court to "address or consider all non-frivolous reasons presented for imposing a different sentence"). "[W]here a court entirely fails to mention a party's nonfrivolous arguments in favor of a particular sentence, or where the court fails to provide at least some reason why those arguments are unpersuasive, even the relaxed requirements for revocation sentences are not satisfied." *Slappy*, 872 F.3d at 209.

3

Here, Parks admitted the violations of which he was accused. The district court then provided a clear and detailed explanation for rejecting Parks's request for a supervised release sentence. The court explicitly addressed his mitigating arguments and, in light of them, imposed a sentence below the Guidelines range. Further, the court repeatedly noted that Parks had failed on supervision, even with a good support system. We find that the explanation was sufficient to permit meaningful appellate review and that the sentence was based on appropriate sentencing factors. Thus, the sentence was both substantively and procedurally reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Parks, in writing, of the right to petition the Supreme Court of the United States for further review. If Parks requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Parks. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*